UNITED STATES DISTRICT COURT Eastern District of Kentucky
EASTERN DISTRICT OF KENTUCKY            F I L E D
LEXINGTON

MAY 0 2 2005

AT LEXINGTON
LESLIE G WHITMER
CLERK U S DISTRICT COURT

CIVIL ACTION NO. 05-CV-138-JMH

WILL L. McGINNIS, III                                                PLAINTIFF

VS:            **MEMORANDUM OPINION AND ORDER**

COMMONWEALTH OF KENTUCKY, ET AL.                        DEFENDANTS

Currently before the Court is the "Motion to Reconsider" [Record No. 4], which Will L. McGinnis, the *pro se* plaintiff, has filed. It appears that the plaintiff seeks reconsideration of the "Memorandum Opinion and Order" ("the Opinion and Order") and Judgment entered on April 22, 2004 [Record Nos.2 and 3].[1] The Court construes the current submission as a motion to alter or amend the Opinion and Order under Fed.R.Civ.P. 59(e).

FACTUAL BACKGROUND
1. The Complaint

The Court will not reiterate the facts of the instant proceedings as they are set forth in detail in the Opinion and Order, which is seventeen pages in length. Summarized, the plaintiff was convicted on January 23, 2004, of a traffic offense in the Fayette District Court.[2] Judge Kevin M. Horne, the presiding judge, ordered the plaintiff to pay a $500.00 fine and court costs on or before

---

[1]
   The plaintiff has set forth his exceptions to the Opinion and Order, and has entitled his submission a "Motion to Reconsider." He states in his submission, however, that "this motion is not an attempt to ask this court to change its opinion on this matter." [Motion, p. 3, Record No. 4]

[2]
   The jury found the plaintiff not guilty of violating K.R.S. §198.120 (Reckless Driving) but found the plaintiff guilty of having violated K.R.S. §189.244 (Operating a Motor Vehicle Contrary to Law).

January 28, 2004. The plaintiff appealed his conviction to the Fayette Circuit Court.

When the plaintiff did not pay the assessed fine and costs by the time he was to have appeared in Fayette District Court on January 28, 2004, Judge Horne set aside the fine and ordered the plaintiff to serve five days in the Fayette County Detention Center.

On September 29, 2004, Judge Lewis Paisley of the Fayette Circuit Court reversed the plaintiff's conviction under K.R.S. 198.244. Judge Paisley concluded that K.R.S. 198.244 prohibits a person from permitting another person to operate a vehicle contrary to law, and that there was nothing in the record indicating that the plaintiff had allowed someone else to operate his vehicle. Judge Paisley therefore concluded that K.R.S. 198. 244 did not apply and there was no basis for a conviction under that statute. He vacated the plaintiff's conviction under K.R.S. 198.244 and remanded for an order dismissing the charges against the plaintiff.

On April 7, 2005, the plaintiff filed the instant §1983 action against Judge Horne, Assistant County Attorney Robert J. Stokes, and the Commonwealth of Kentucky. The plaintiff alleged that Judge Horne violated his right to due process of law under the Fourteenth Amendment of the United States Constitution by engaging in actions which fell outside of his role as presiding judge.[3]

---

3

The instant proceeding is not the first lawsuit which the plaintiff filed against defendants Horne, Stokes, and the Commonwealth of Kentucky. The plaintiff stated in his complaint that on December 22, 2004, he filed an action against these same defendants in Fayette Circuit Court, Division III, Civil Action No. 04-CI-5156, Hon. James D. Ishmael, Jr., presiding ('the Fayette Circuit Court Action.").

The plaintiff attached ,as an exhibit to his complaint, a copy of Judge Ishmael's "Findings of Fact, Conclusions of Law" dated February 3, 2005. Judge Ishmael concluded that even accepting all of the plaintiff's claims as true, he was required to: (1) dismiss the plaintiff's state court claims against Stokes on the grounds of prosecutorial immunity; (2) dismiss the plaintiff's claims against Judge Horne on the grounds of judicial immunity; and (3) dismiss the plaintiff's claims against the Commonwealth of Kentucky on the grounds of sovereign immunity. The plaintiff stated in his complaint that his appeal of the Fayette Circuit Court Action is still pending.

The plaintiff also alleged in his complaint that on October 11, 2004, he filed an action against these same defendants in the Kentucky Board of Claims. He stated that the Board of Claims dismissed his complaint on February

2

Specifically, the plaintiff alleged that Judge Horne improperly submitted to the jury a lesser included offense instruction under K.R.S. 198.244; improperly undertook an independent investigation of the plaintiff's driving record; and improperly advised the jury of the plaintiff's prior traffic offenses.

Additionally, the plaintiff alleged that Assistant County Attorney Stokes was liable under §1983 to the extent he conspired with Judge Horne to violate his (plaintiff's) due process rights under the Fourteenth Amendment. The plaintiff further asserted that the Commonwealth of Kentucky was liable for the acts of its agents and employees under the theory of *respondeat superior*.

## 2. The Opinion and Order

The Court reasoned in the Opinion and Order that Judge Horne was acting in a judicial capacity while he was presiding over not only the plaintiff's jury trial, but also the plaintiff's court appearance on January 28, 2004. Just as Judge Ishmael concluded in the Fayette Circuit Court proceeding, this Court concluded that under *Stump v. Sparkman*, 435 U.S. 349, 356-362 (1978), and numerous other cited cases, including but not limited to *Morrison v. Lipscomb*, 877 F.2d 463, 467-68 (6th Cir. 1989), and *Forrester v. White*, 484 U.S. 219 (1988), Judge Horne was shielded from liability under the doctrine of judicial immunity with regard to all of the complained-of actions.

With regard to the plaintiff's allegations against Assistant County Attorney Stokes, the Court reached the same conclusions as Judge Ishmael: that Stokes was protected by prosecutorial immunity under *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976). The Court also determined that the plaintiff had failed to allege that Stokes was personally involved in the complained-of actions which he had attributed solely to Judge Horne.

---

17, 2005, on the bases of "immunity and jurisdiction." He further stated that the appeal of his Board of Claims action is still pending.

3

Finally, the Court determined that the plaintiff's claims against the Commonwealth of Kentucky were barred by the doctrine of Eleventh Amendment immunity, which bars a suit against a state or one of its agencies in federal court unless the state has given express consent, regardless of the relief sought. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100, 104 S.Ct. 900, 79 L. Ed.2d 67 (1984). Thus, the Court dismissed the plaintiff's entire complaint with prejudice.

### 3. Current Motion

The plaintiff states in his current motion that during his jury trial he does not believe that he ever represented to the jury that he had a "clean" or "perfect" driving record; he elaborates that his testimony at trial was that he had a good driving record and no *police* record. The plaintiff attached to his current motion a copy of his driving record, which he describes as a perfect driving record. He states that he was not lying when he testified about his driving record. He further explains in the instant motion that the charges which Judge Horne read to the jury were charges on his district court record, all of which were over five years old. He states as follows:

> "All or most of these charges were over five years old and were no longer a part of the Plaintiff's driving record. Charges over five years are expunged KRS 186.018. Plaintiff has no misdemeanors or felony convictions and thus testified he has no police record (police record attached)."

[Motion, pp. 1-2, Record No. 4].

He further alleges in his current motion that on January 27, 2004, the day before his jury trial, he notified Fayette County Attorney Margaret Kannensohn and informed her that he had been convicted of violating a statute that did not apply to him. He alleges that Kannensohn replied that if that were true, she would have to request dismissal of the charge and that she would get back to him. He states that instead, Assistant Fayette County Attorney Stokes responded to his inquiry and informed him that he was not going to dismiss the charge and that it was out of his (Stokes') hands

4

[*Id.*, p. 2].

The plaintiff reiterates the claims he raised in his complaint, that Judge Horne's actions of obtaining his driving record and "charging plaintiff with a charge after he closed his case," the plaintiff crossed into the arena of prosecutorial action [*Id.*, p. 3]. He contends in this motion, as he did in the complaint, that Judge Horne's actions did not constitute "judicial acts" [*Id.*, p. 3].

## DISCUSSION

Under Rule 59(e), there are three grounds for a court to amend its judgment: (1) to accommodate an intervening change in controlling laws; (2) to account for new evidence not available previously; and (3) to correct a clear error of law or to prevent manifest injustice. *Berridge v. Heiser*, 993 F. Supp. 1136, 1146-47 (S.D. Ohio 1997) (citing *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996)). A Rule 59 motion is not an opportunity to reargue a case. *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 1998 WL 288685 (6th Cir. June 5, 1998) (citing *FDIC v. World Univ., Inc.*, 978 F.2d 10, 16 (1st Cir. 1992)). Similar to Rule 60(b), Rule 59(e) motions must either present newly discovered evidence or a clearly established manifest error of law. *FDIC v. Meyer*, 781 F.2d 1260, 1268 (7th Cir. 1986).

### 1. Claims Against Judge Kevin M. Horne

The plaintiff has not alleged facts which persuade the Court that the Opinion and Order should be altered or amended. The plaintiff's presentation of his driving record as an attachment to his current motion does not change the conclusions set forth in the Opinion and Order. The Court comprehensively analyzed all of the complained-of actions attributed to Judge Horne in the Opinion and Order, and noted that although his actions in obtaining the plaintiff's driving record was a closer call than the submission of the jury instruction under K.R.S. 189.244, his conduct was clearly

"judicial" in nature.

To the extent that Judge Horne erred as to the submission of an improper jury charge, as the Fayette Circuit Court determined in the criminal appeal, the plaintiff has obtained a legal remedy by the reversal of his conviction in the Fayette District Court. A reversal of a criminal conviction does, however, equate into a recovery of damages under §1983 from the judge, prosecutor, and the Commonwealth of Kentucky.

The law of judicial immunity is clear: a judge's rulings, even if they are detrimental to a litigant's case, constitute judicial action and are thus protected by judicial immunity. *Stump*, 485 U.S. at 363 (disagreement with action taken by judge does not deprive him of judicial immunity). *See also Clark v. Taylor*, 627 F.2d 284 (D.C. Cir. 1980). "Disagreement with the action taken by the judge . . . does not justify depriving that judge of his immunity." *Stump*, 485 U.S. at 363.

Judicial action, even if done maliciously, or even if it was in excess of his or her authority, will not subject a judge to liability. *See Pierson v. Ray*, 386 U.S. 547 at 554 (1967) (citing *Bradley v. Fisher*, 80 U.S. 335 (1872)); *Stump* at 485 U.S. 356-357; *Mireles v. Waco*, 502 U.S. at 11-12, 112 S.Ct. at 287 ("Although unfairness and injustice to a litigant may result on occasion," a judge must be able to exercise his judicial authority "without apprehension of personal consequences to himself.") (quoting *Bradley v. Fisher*, 80 U.S. (13 Wall.) 335, 347, 20 L.Ed. 646 (1872)); *Mitchell v. McBryde*, 944 F.2d 229, 230 (5th Cir. 1991) (fact that judge was alleged to have acted in a conspiracy and committed grave procedural errors was insufficient to avoid absolute judicial immunity).

### 2. Claims Against Assistant County Attorney Robert J. Stokes

Additionally, the Court will not alter or amend the Opinion and Order as relates to Assistant

County Attorney Stokes. His actions are clearly protected by prosecutorial immunity under *Imbler v. Patchman*, 424 U.S. 409, 430, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976) (prosecutors are entitled to absolute immunity for conduct intimately associated with the judicial phase of the criminal process). This immunity extends to a prosecutor's decision on whether to prosecute a case. *See Ireland v. Tunis*, 113 F.3d 1435, 1446 (6th Cir.1997). Absolute prosecutorial immunity is not defeated by showing that a prosecutor acted wrongfully or even maliciously. The decision on whether or not to prosecute is unquestionably advocacy and is at the heart of the *Imbler* holding. *See Grant v. Hollenbach*, 870 F.2d 1135, 1138 (6th Cir.1989). Therefore, Assistant County Attorney Robert J. Stokes is entitled to absolute prosecutorial immunity.

## CONCLUSION

Accordingly, it is hereby **ORDERED** that the plaintiff's "Motion to Reconsider" [Record No. 4], construed as a motion to alter or amend the Opinion and Order under Fed.R.Civ.P. 59(e), is **DENIED**.

This 2d day of May, 2005.

JOSEPH M. HOOD, CHIEF JUDGE